IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**QUINTON SYLVESTRE,**
    Plaintiff,

vs.                                           Case No. 3:08cv488/LC/MD

**LT. A. WILLIAMS, et al.,**
    Defendants.

## O R D E R

This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 12). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). His amended complaint names three defendants, all prison officials at Santa Rosa CI: Officer D. Wells, Sergeant R. Faith and Lieutenant A. Williams. Plaintiff claims these officials violated his Eighth Amendment rights on September 12, 2007 when: (1) Officer D. Wells deprived plaintiff of a meal to provoke him to become disorderly; and (2) Lieutenant A. Williams and Sergeant R. Faith sprayed plaintiff with a chemical agent after Wells falsely reported that plaintiff had been disorderly. (Doc. 12, pp. 5-7). Plaintiff provides no further details of the incident, instead referring the court to a videotape "for complete and factual information." (*Id.*). As relief, plaintiff seeks punitive damages and any other relief the court deems appropriate. (*Id.*, p. 7).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

With regard to plaintiff's claim concerning deprivation of his meal, he is advised of the following. Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, courts must examine the alleged violation both objectively and subjectively. *See id.* 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

Withholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution. *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). The circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." *Deapain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 1999)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994).

Some courts that have considered factually similar situations have indicated that such deprivations are not of a constitutional magnitude. *See, e.g., Gardner v. Beale*, 780 F.Supp. 1073 (E.D. Va.1991), *aff'd* 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (even on a regular, permanent basis, two meals a day may be adequate); *see also Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (finding it "doubtful" that prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); *Berry v. Brady*, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk); *Adair v. Okaloosa County Jail*, No. 3;07cv425/MCR/EMT, 2008 WL 564616 (N.D. Fla. Feb. 17, 2008) (unpublished opinion) (concluding that deprivation of one meal does not satisfy Eighth Amendment standard).

Moreover, courts that have found constitutional violations when inmates were deprived of food have done so only when presented with more serious violations. *See e.g., Simmons v. Cook*, 154 F.3d 805, 809 (8th Cir. 1998) (denying prisoners four consecutive meals over two days violated the objective component of the Farmer test); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed prisoner any food for twelve consecutive days unconstitutional); *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (prisoner who was deprived of food for 50+ hours had a viable Eighth Amendment claim); *Strope v. Sebelius*, No. 06-3144, 2006 WL 2045840 (10th Cir. July 24, 2006) (unpublished opinion) (reversing district court's dismissal of Eighth Amendment deprivation of food claim for failure to state a claim, where prisoner alleged that on multiple occasions between March 2005 and June 2005 his meals were unacceptable; that a "sour'd" turkey sandwich made him sick to his stomach with severe cramps until the

following morning; that the salads and oranges were routinely spoiled; that on one occasion the meal was "burnt beyond recognition"; that these were examples of an "everyday and on-going" practice of the prison; and that the prison "routinely" served spoiled food to prisoners); *Lunney v. Brureton*, No. 04-Civ.-2438-LAK-GWG, 2005 WL 121720 at *6 (S.D.N.Y. Jan.21, 2005) (Report and Recommendation) (finding inmate's allegation that his meals were regularly spoiled and/or improperly prepared on "numerous occasions"; thus, eating the meals caused him to get sick and not eating them caused him to suffer the effects of malnutrition, were sufficient to satisfy the Eighth Amendment's objective component), *adopted*, 2005 WL 433285 (S.D. N.Y. Feb.23, 2005).

In the instant case, plaintiff states that he was deprived of one meal. Under no set of facts can the denial of one meal constitute a significant deprivation. Furthermore, there is no indication that plaintiff suffered any adverse physical effects or that his health was jeopardized as a result of the single deprivation. Because plaintiff's allegations fail to state a plausible Eighth Amendment claim, this claim should be removed from his amended complaint.[1]

With regard to defendants Faith and Williams' use of force, as with other conditions of confinement claims the standard applied to excessive force claims has a subjective and an objective component.  Under the subjective component, to sustain an Eighth Amendment challenge it must be shown that prison officials' actions amounted to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).  "Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).  In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including:

---

[1] That is not to say that plaintiff's separate allegation that Wells falsely reported plaintiff as being disorderly in order to trigger an otherwise unjustified use of force is insufficient to state an Eighth Amendment violation. However, plaintiff's Statement of Claims challenges only the deprivation of the meal.

"the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response." *Hudson v. McMillian*, 503 U.S. 1, 7-8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *see also Whitley*, 475 U.S. at 321, 106 S.Ct. at 1085; *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999).  From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).  That officials followed prison regulations in administering force or restraint provides evidence that they acted in good faith and not to inflict pain.  *Campbell*, 169 F.3d at 1376 (citation omitted).  Thus, as summarized in *Campbell*, "[p]recedent dictates that [the determination whether defendants acted maliciously and sadistically for the very purpose of causing harm] be guided by the five *Hudson/Whitley* factors outlined above, by deference to prison officials' punitive judgments, and by this Court's previous holdings that compliance with prison policies evidences officials' good faith."  *Id.*

In the instant case, plaintiff states that the use of force was a result of defendant Wells' report that plaintiff was being disorderly.  This allegation suggests that Faith and Williams were acting in a good faith effort to maintain or restore discipline.  Although plaintiff states that Faith and Williams returned approximately two hours later and sprayed him again, he fails to develop these facts any further, instead referring the court to a videotape "for complete and factual information."  This is insufficient.  Plaintiff must set forth specific supporting facts in his complaint – he cannot merely refer the court to purported evidence that is not attached to the complaint and may not exist.  In amending, unless plaintiff can present specific factual allegations to support his claim that the force used by Faith and Williams was unjustified, he should remove this claim and these defendants from his amended complaint.

*Case No: 3:08cv488/LC/MD*

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If plaintiff determines that he cannot state a claim for relief under 42 U.S.C. § 1983, he should file with the court a notice of voluntary dismissal.  If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint.**"  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court shall forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. The plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court form as instructed above. Failure to submit an amended complaint as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 8th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**